# Louis Charles Shapiro, P.A.

*1063 East Landis Avenue*
*Vineland, New Jersey 08360*
*Telephone (856) 691-6800; Facsimile (856) 794-3326*

**LOUIS CHARLES SHAPIRO**
CERTIFIED CRIMINAL TRIAL ATTORNEY
LL.M. IN TRIAL ADVOCACY
MEMBER OF NJ AND PA BARS

**SAMUEL L. SHAPIRO**
ATTORNEY AT LAW
COUNSELOR AT LAW
1940 (ADMITTED TO NJ BAR) - 1996

Email: shap1@prodigy.net
Website: www.louischarlesshapiro.com

August 16, 2021

**VIA ECF**

Hon. Renee Marie Bumb, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Fourth & Cooper Streets
Camden, New Jersey 08101

    Re:    Audra Capps, et al. v. Joseph Dixon, et al.
                Civil Action No.: 1:19-cv-12002-RMB-AMD

               Tanika Joyce v. Joseph Dixon, et al.
               Civil Action No.: 1:20-cv-01118-RMB-AMD

Dear Judge Bumb:

    I represent the Plaintiffs in these cases. Defendants have just filed supplemental letter briefs in connection with their pending motions for reconsideration. They already filed reply briefs in both cases on July 12, 2021. Their briefs are out of time, and if they were submitted without the Court's permission, then they would violate Local Rule 7.1(d), which provides in relevant part:

> … (6) No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned.
>
> (7) The Court may reject any brief or other paper not filed within the time specified.

Defendants are currently under a lot of pressure in terms of their discovery obligations, which may be the subject of a motion, and that may help to explain this desperate filing. The parties are currently scheduled to meet in person on Wednesday, August 18, 2021, as ordered by Magistrate Judge Donio, and this tactic by defense counsel can only serve to complicate matters.

    I am sure that I would not be permitted to just file a supplemental brief without the Court's authorization, if that's what happened here, and without consequences. There is no language in

the supplemental brief stating that Defendants are filing with the Court's permission. If that is what Defendants have done, then they are simply acting with impunity. This is simply unfair litigation practice and it violates the court rule by effectively allowing Defendant the benefit of an untimely sur-reply. If Defendants filed their supplemental brief without permission, the Court should take whatever measures are appropriate.

If the Court is not going to strike this submission, I should be permitted to have a reasonable time to respond. Unfortunately, Defendants' improper submission now has required me to take up my time responding to a brief that was not authorized and should never have been filed. Defendants' supplemental letter brief should not be considered by the Court.

Respectfully,

LOUIS CHARLES SHAPIRO

cc: A. Michael Barker, Esquire (By ECF)
Thomas Reynolds, Esquire (By ECF)
Justin T. Loughry, Esquire (By email)