## Louis Charles Shapiro, P. A.

1063 East Landis Avenue
Vineland, New Jersey 08360
Telephone (856) 691-6800; Facsimile (856) 794-3326

**LOUIS CHARLES SHAPIRO**
CERTIFIED CRIMINAL TRIAL ATTORNEY
LL.M. IN TRIAL ADVOCACY
MEMBER OF NJ AND PA BARS

**SAMUEL L. SHAPIRO**
ATTORNEY AT LAW
COUNSELOR AT LAW
1940 (ADMITTED TO NJ BAR) - 1996

Email: shap1@prodigy.net
Website: www.louischarlesshapiro.com

September 28, 2021

**BY ELECTRONIC FILING (ECF)**
Hon. Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2010
1 John F. Gerry Plaza, 4th & Cooper Streets
Camden, New Jersey 08101

      Re:    Audra Capps, et al. v. Joseph Dixon, et al.
               Case No.: 1:19-cv-12002-RMB-AMD

             Tanika Joyce, et al v. Joseph Dixon, et al.
               Case No.: 1:20-cv-01118– RMB-AMD

             Barry Cottman v. Joseph Dixon, et al.
               Case No.: 1:19-cv-14122–NLH-AMD

Dear Judge Donio:

      I represent Plaintiffs in the Capps and Joyce cases. Counsel for the parties met and conferred yesterday morning with respect to outstanding discovery issues raised in my July 28, 2021 letter, Defendants' September 8, 2021 response letters, and my September 15, 2021 reply letter. I have circulated a draft of this letter prior to submitting it to the Court. This matter is now rescheduled for a telephone conference with Your Honor for Wednesday, September 29, 2021 at 11:30 a.m.

      With respect to the substantive discovery matters, there was some progress made yesterday, and there are some areas on which counsel for the parties are at an impasse. Our discussion centered around the items in my September 15, 2021 letter, which narrowed the issues somewhat from those which I originally raised in my July 28, 2021 deficiency letter. Reference is made to the September 15, 2021 letter on the following issues.

As to the supplemental discovery responses provided by Defendants by way of their September 8, 2021 letters, defense counsel agreed to provide client certifications.

To address what I have called the "CCPO documents," Millville 5997-6051, which do not print, and the inability to access various icon files in Millville's document production, Mr. Loughry has kindly offered to help to coordinate with the assistance of an information technology ("IT") person to attempt to address these issues. He has reported having the same problems as I have had with these particular items of discovery.

With respect to internal affairs files from the Millville Police Department, the City of Millville will be providing an additional 54 internal affairs files in the categories described in the parties' September 8th and September 15th letters. This number includes designations of "excessive force" and "use of force." In addition to that number of 54 files, Millville will provide two internal affairs excessive force files for Chief Farabella, and three excessive force internal affairs files for Officer Runkle, who was involved in the Cottman case. Because all three of these actions are consolidated for purposes of Monell discovery, both Mr. Loughry and I will have access to the materials produced. We agreed that production will be made subject to the parties' Discovery Confidentiality Order previously put in place and designated as "attorney's eyes only." Furthermore, in the event that such materials are part of a future submission to the Court, it will be the responsibility of counsel for the Plaintiffs to make appropriate redactions.

Defendants Millville and Chief Farabella further have agreed to provide Farabella's personnel and training files, subject to redactions for personal and sensitive information.

Next, a number of issues originally raised in my July 28, 2021 discovery deficiency letter, and Defendants' responses, revolved around the search terms or parameters used by the Millville Police Department's IT person, Jonathan Bates. Defendants, as I understand it, previously performed a search of the email server within the Millville Police Department. That process, using search terms chosen by Defendants, captured a number of documents which are now contained in the City of Millville's document production. Plaintiffs' position was that the search terms were too narrow. Defendants have offered to allow me and Mr. Loughry to meet in person with Mr. Bates at the Police Department to provide him with those additional search terms of our choosing for a further search of the MPD database. As part of that process, we will see how many additional documents that new search produces. Whatever documents that search returns, and prior to production to Plaintiffs' counsel, the documents would have to be first reviewed for privilege by defense counsel. We believe that the meeting with Mr. Bates can be conducted the week of October 11, 2021, as Mr. Bates has a vacation planned prior to that time. In addition to the new MPD database search, arrangements also can be made to speak to a separate IT person on behalf of the City of Millville itself, which maintains a separate email system.

As part of my July 28, 2021 discovery deficiency letter, I outlined specific documents, with reference to Bates-numbered documents produced by the City of Millville, which are not contained in the City's production. Numerous specific documents were mentioned at pages 14 through 22 of the July 28, 2021 letter, but were not addressed in Defendants' September 8, 2021 response. Mr. Barker has offered to go in person, and to bring my letter, so as to speak to his clients' personnel to

determine if the documents Plaintiffs believe are missing exist and are able to be retrieved. Mr. Barker will contact me by phone if, while he is there, he needs further clarification from me on what I am looking for.

I will now turn to the various and remaining interrogatory answers and responses to document requests. I will continue with areas of agreement and then address those matters where there is no resolution.

As to Document Request No. 4 to the City of Millville (page 10 of the 9/15/21 letter), which deals with materials in hard copy format relating to these actions, I have agreed to provide a more narrowly tailored request.

As to Document Request No. 6 to the City of Millville (page 10 of the 9/15/21 letter), Defendants will continue to look into the issue of whether there exists police station surveillance footage of Plaintiff Audra Capps shortly after her arrest on February 25, 2018. The defense maintains that whatever surveillance there was would have been provided to the municipal prosecutor, who in turn would have provided it to me, as Ms. Capps's defense attorney at the municipal court proceeding. However, there was no such police station footage provided. Defendants maintain that the MPD changed surveillance systems at about that time, and that the footage may not have been preserved. If Defendants do not locate the surveillance, or if it was not preserved, a certification will be provided from appropriate personnel with respect to the changeover in police station surveillance systems.

As to Document Request No. 41 to the City of Millville (page 11 of the 9/15/21 letter), which relates to those officers placed on the MPD's "Early Warning System," we have agreed that I will review the MPD's Internal Affairs Index and make requests for documentation from what is known as the Guardian Tracking System with respect to the names of specific Millville police officers to determine whether certain officers triggered the system and what steps, if any, were taken as a result.

With respect to Interrogatories and Document Requests directed to the City of Millville, the parties are at an impasse and were not able to resolve their differences as to No. 20 (see page 7 of the 9/15/21 letter); No. 23 (page 8 of the 9/15/21 letter); No. 62 (see page 11 of 9/15/21 letter); and Document Request No. 34 (see page 12 of the 9/15/21 letter).

Finally, pages 13 to 18 of my September 15, 2021 letter relate to various deficiencies which Plaintiffs still see in Defendant Joseph Dixon's supplemental discovery responses from September 8, 2021 (both interrogatories and document requests). What emerged clearly from yesterday morning's meeting between counsel was that the parties are at a complete and total impasse as to Defendant Dixon's responses, and that Dixon would not be providing any additional content or information.

This, then, is the status of the parties' negotiations with respect to the discovery deficiencies outlined originally in my July 28, 2021 letter as we head into our next telephone conference with Your Honor. I thank the Court for its time and attention to this case.

Respectfully,

LOUIS CHARLES SHAPIRO

cc: A. Michael Barker, Esquire (By ECF)
Thomas Reynolds, Esquire (By ECF)
Justin T. Loughry, Esquire (By email)
Ms. Audra Capps and Mr. Douglas Robert Gibson, Jr.
Ms. Tanika Joyce