## *Louis Charles Shapiro, P.A.*

*1063 East Landis Avenue*
*Vineland, New Jersey 08360*
*Telephone (856) 691-6800; Facsimile (856) 794-3326*

**LOUIS CHARLES SHAPIRO**
CERTIFIED CRIMINAL TRIAL ATTORNEY
LL.M. IN TRIAL ADVOCACY
MEMBER OF NJ AND PA BARS

**SAMUEL L. SHAPIRO**
ATTORNEY AT LAW
COUNSELOR AT LAW
1940 (ADMITTED TO NJ BAR) - 1996

Email: shap1@prodigy.net
Website: www.louischarlesshapiro.com

December 30, 2021

**BY ELECTRONIC FILING (ECF)**
Hon. Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2010
1 John F. Gerry Plaza, 4th & Cooper Streets
Camden, New Jersey 08101

Re: Audra Capps, et al. v. Joseph Dixon, et al.
Case No.: 1:19-cv-12002-RMB-AMD

Tanika Joyce, et al v. Joseph Dixon, et al.
Case No.: 1:20-cv-01118– RMB-AMD

Barry Cottman v. Joseph Dixon, et al.
Case No.: 1:19-cv-14122–NLH-AMD

Dear Judge Donio:

I write to request the scheduling of a telephone conference with respect to an additional discovery dispute separate and apart from the two other discovery-related motions pending before Your Honor. I also expect that because of this dispute, and other factors I shall detail below, the parties will need additional time in which to conduct fact discovery and depositions.

As the Court is already aware from a prior communication in one of my other cases before Your Honor, since the beginning of December I began experiencing the effects of an unexpected medical issue, which included swelling about the eye, tightening of the throat, and other uncomfortable allergic symptoms. The initial course of medication was unsuccessful. I am now finishing up the second of three successive and stronger medications prescribed by my doctor to address this condition. Some symptoms are not as severe, while others persist. With respect to this

allergic condition, unfortunately I am not better. To add to this problem, about two weeks ago I was exposed to someone over the course of five hours who ultimately tested positive on a breakthrough case of Covid-19. I am fully vaccinated and boosted. I went into quarantine for 10 days, I canceled all appointments, and I canceled my vacation which was scheduled for December 23rd. I just got back into the office this week and, fortunately, two PCR tests both came back negative. The problem, however, is that December has largely been a lost month for me in terms of productivity in my practice.

Defendants have made supplemental productions of documents in early December. Now that I am back in the office, I am starting to go through those documents. The parties have more depositions scheduled in the month of January. Many depositions already have been taken. The present discovery issue, however, revolves around the City of Millville's production of emails. As described at page 2 of my September 28, 2021 letter, a copy of which is attached, Defendants offered to allow me and Mr. Loughry, who represents Plaintiff Cottman, to meet in person with the City of Millville's IT person at the Millville Police Department to provide expanded email search terms beyond the City's initial – and more narrow – search. That meeting took place on October 14, 2021.

On December 1, 2021, the City of Millville sent the attached letter, which is self-explanatory. Counsel for all parties spoke by phone on December 22, 2021, while I was in quarantine, about this topic, but our differences could not be resolved. I reserve the right to provide more detailed briefing if the Court grants leave to file a motion to compel discovery, at which point I would address Millville's various arguments in opposition to production, including Millville's arguments about burden, expense and resources.

For now, allow me to simply state one of the difficulties that is presented here. Millville, in its December 1, 2021 letter, has broken down various categories of the results with the expanded search terms from the parties' October 14, 2021 meeting. In attempting to limit Plaintiffs to certain of these categories to reduce the amount of documents Millville would have to review and produce, Defendants ask Plaintiffs essentially to guess at what folders might or might not contain truly important emails that could be used in their respective cases. One can envision a scenario in which, not knowing what is contained in a particular folder, Plaintiffs might be forced to decide to forego a particular category, not knowing that there truly might be a gem of a document contained in that particular category of documents. Plaintiffs say this because Defendants' productions of documents thus far have contained quite a few very useful gems, sometimes in unexpected places.

For all of these reasons, respectful request is made that the Court schedule a conference call to further discuss these issues at Your Honor's earliest convenience. I thank the Court for its time and attention to this case.

Respectfully,

LOUIS CHARLES SHAPIRO

Enclosures

cc: A. Michael Barker, Esquire (By ECF)
    Thomas Reynolds, Esquire (By ECF)
    Justin T. Loughry, Esquire (By email)
    Ms. Audra Capps and Mr. Douglas Robert Gibson, Jr.
    Ms. Tanika Joyce
    (All w/encl.)

## Louis Charles Shapiro, P.A.

1063 East Landis Avenue
Vineland, New Jersey 08360
Telephone (856) 691-6800; Facsimile (856) 794-3326

**LOUIS CHARLES SHAPIRO**
CERTIFIED CRIMINAL TRIAL ATTORNEY
LL.M. IN TRIAL ADVOCACY
MEMBER OF NJ AND PA BARS

**SAMUEL L. SHAPIRO**
ATTORNEY AT LAW
COUNSELOR AT LAW
1940 (ADMITTED TO NJ BAR) - 1996

Email: shap1@prodigy.net
Website: www.louischarlesshapiro.com

September 28, 2021

**BY ELECTRONIC FILING (ECF)**
Hon. Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2010
1 John F. Gerry Plaza, 4th & Cooper Streets
Camden, New Jersey 08101

Re: Audra Capps, et al. v. Joseph Dixon, et al.
Case No.: 1:19-cv-12002-RMB-AMD

Tanika Joyce, et al v. Joseph Dixon, et al.
Case No.: 1:20-cv-01118- RMB-AMD

Barry Cottman v. Joseph Dixon, et al.
Case No.: 1:19-cv-14122-NLH-AMD

Dear Judge Donio:

I represent Plaintiffs in the Capps and Joyce cases. Counsel for the parties met and conferred yesterday morning with respect to outstanding discovery issues raised in my July 28, 2021 letter, Defendants' September 8, 2021 response letters, and my September 15, 2021 reply letter. I have circulated a draft of this letter prior to submitting it to the Court. This matter is now rescheduled for a telephone conference with Your Honor for Wednesday, September 29, 2021 at 11:30 a.m.

With respect to the substantive discovery matters, there was some progress made yesterday, and there are some areas on which counsel for the parties are at an impasse. Our discussion centered around the items in my September 15, 2021 letter, which narrowed the issues somewhat from those which I originally raised in my July 28, 2021 deficiency letter. Reference is made to the September 15, 2021 letter on the following issues.

As to the supplemental discovery responses provided by Defendants by way of their September 8, 2021 letters, defense counsel agreed to provide client certifications.

To address what I have called the "CCPO documents," Millville 5997-6051, which do not print, and the inability to access various icon files in Millville's document production, Mr. Loughry has kindly offered to help to coordinate with the assistance of an information technology ("IT") person to attempt to address these issues. He has reported having the same problems as I have had with these particular items of discovery.

With respect to internal affairs files from the Millville Police Department, the City of Millville will be providing an additional 54 internal affairs files in the categories described in the parties' September 8th and September 15th letters. This number includes designations of "excessive force" and "use of force." In addition to that number of 54 files, Millville will provide two internal affairs excessive force files for Chief Farabella, and three excessive force internal affairs files for Officer Runkle, who was involved in the Cottman case. Because all three of these actions are consolidated for purposes of Monell discovery, both Mr. Loughry and I will have access to the materials produced. We agreed that production will be made subject to the parties' Discovery Confidentiality Order previously put in place and designated as "attorney's eyes only." Furthermore, in the event that such materials are part of a future submission to the Court, it will be the responsibility of counsel for the Plaintiffs to make appropriate redactions.

Defendants Millville and Chief Farabella further have agreed to provide Farabella's personnel and training files, subject to redactions for personal and sensitive information.

Next, a number of issues originally raised in my July 28, 2021 discovery deficiency letter, and Defendants' responses, revolved around the search terms or parameters used by the Millville Police Department's IT person, Jonathan Bates. Defendants, as I understand it, previously performed a search of the email server within the Millville Police Department. That process, using search terms chosen by Defendants, captured a number of documents which are now contained in the City of Millville's document production. Plaintiffs' position was that the search terms were too narrow. Defendants have offered to allow me and Mr. Loughry to meet in person with Mr. Bates at the Police Department to provide him with those additional search terms of our choosing for a further search of the MPD database. As part of that process, we will see how many additional documents that new search produces. Whatever documents that search returns, and prior to production to Plaintiffs' counsel, the documents would have to be first reviewed for privilege by defense counsel. We believe that the meeting with Mr. Bates can be conducted the week of October 11, 2021, as Mr. Bates has a vacation planned prior to that time. In addition to the new MPD database search, arrangements also can be made to speak to a separate IT person on behalf of the City of Millville itself, which maintains a separate email system.

As part of my July 28, 2021 discovery deficiency letter, I outlined specific documents, with reference to Bates-numbered documents produced by the City of Millville, which are not contained in the City's production. Numerous specific documents were mentioned at pages 14 through 22 of the July 28, 2021 letter, but were not addressed in Defendants' September 8, 2021 response. Mr. Barker has offered to go in person, and to bring my letter, so as to speak to his clients' personnel to

determine if the documents Plaintiffs believe are missing exist and are able to be retrieved. Mr. Barker will contact me by phone if, while he is there, he needs further clarification from me on what I am looking for.

I will now turn to the various and remaining interrogatory answers and responses to document requests. I will continue with areas of agreement and then address those matters where there is no resolution.

As to Document Request No. 4 to the City of Millville (page 10 of the 9/15/21 letter), which deals with materials in hard copy format relating to these actions, I have agreed to provide a more narrowly tailored request.

As to Document Request No. 6 to the City of Millville (page 10 of the 9/15/21 letter), Defendants will continue to look into the issue of whether there exists police station surveillance footage of Plaintiff Audra Capps shortly after her arrest on February 25, 2018. The defense maintains that whatever surveillance there was would have been provided to the municipal prosecutor, who in turn would have provided it to me, as Ms. Capps's defense attorney at the municipal court proceeding. However, there was no such police station footage provided. Defendants maintain that the MPD changed surveillance systems at about that time, and that the footage may not have been preserved. If Defendants do not locate the surveillance, or if it was not preserved, a certification will be provided from appropriate personnel with respect to the changeover in police station surveillance systems.

As to Document Request No. 41 to the City of Millville (page 11 of the 9/15/21 letter), which relates to those officers placed on the MPD's "Early Warning System," we have agreed that I will review the MPD's Internal Affairs Index and make requests for documentation from what is known as the Guardian Tracking System with respect to the names of specific Millville police officers to determine whether certain officers triggered the system and what steps, if any, were taken as a result.

With respect to Interrogatories and Document Requests directed to the City of Millville, the parties are at an impasse and were not able to resolve their differences as to No. 20 (see page 7 of the 9/15/21 letter); No. 23 (page 8 of the 9/15/21 letter); No. 62 (see page 11 of 9/15/21 letter); and Document Request No. 34 (see page 12 of the 9/15/21 letter).

Finally, pages 13 to 18 of my September 15, 2021 letter relate to various deficiencies which Plaintiffs still see in Defendant Joseph Dixon's supplemental discovery responses from September 8, 2021 (both interrogatories and document requests). What emerged clearly from yesterday morning's meeting between counsel was that the parties are at a complete and total impasse as to Defendant Dixon's responses, and that Dixon would not be providing any additional content or information.

This, then, is the status of the parties' negotiations with respect to the discovery deficiencies outlined originally in my July 28, 2021 letter as we head into our next telephone conference with Your Honor. I thank the Court for its time and attention to this case.

Respectfully,

LOUIS CHARLES SHAPIRO

cc: A. Michael Barker, Esquire (By ECF)
Thomas Reynolds, Esquire (By ECF)
Justin T. Loughry, Esquire (By email)
Ms. Audra Capps and Mr. Douglas Robert Gibson, Jr.
Ms. Tanika Joyce

# BARKER, GELFAND, JAMES & SARVAS

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**Atlantic County Office:**
210 New Road
Linwood Greene – Suite 12
Linwood, New Jersey 08221
(609) 601-8677
(609) 601-8577 – Telefax

A. MICHAEL BARKER *
TODD J. GELFAND **
VANESSA E. JAMES **
JEFFREY P. SARVAS

GREG DILORENZO
ADAM BARKER

**Burlington County Office:**
1 Eves Drive, Suite 111
Marlton, New Jersey 08053
(609) 601-8677
(609) 601-8577 – Telefax
E-Mail: TGelfand@BarkerLawFirm.net
*By Appointment Only*

**Gloucester County Office:**
91 Circle Avenue
Pitman, New Jersey 08071
(856) 244-1854
Email: VJames@BarkerLawFirm.net
*By Appointment Only*

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
** LICENSED TO PRACTICE IN PENNSYLVANIA

Website: www.barkerlawfirm.net
e-mail: AMBarker@BarkerLawFirm.net

PLEASE REPLY TO
**ATLANTIC** COUNTY OFFICE

December 1, 2021

shap1@prodigy.net
Louis Charles Shapiro, Esquire
1063 E. Landis Avenue
Vineland, New Jersey 08360

Re:   Audra Capps v. City of Millville, et al.
      Civil Action Number: 1:19-cv-12002-RMB-AMD

      Tanika Joyce v. City of Millville, et. al.
      Civil Action Number: 1:20-cv-01118-RMB-AMD

      Barry Cottman v. City of Millville, et. al.
      Civil Action Number: 1:19-cv-14122-NLH-AMD

Dear Mr. Shapiro:

    We have completed the email search demanded by Plaintiffs using the keyword searches agreed on during the October 14, 2021, meeting at the Millville Police Department with Jonathan Bates. The total number of emails retrieved is 56,519. After removing 37,667 duplicate emails and 208 emails that were to/from the Barker Law Firm that probably fall under the attorney/client privilege, there is a total of 18,644 emails. A breakdown of the results is as follows:

Page 2
December 1, 2021
Louis Shapiro, Esquire
Re:     Audra Capps v. City of Millville, et al.
        Tanika Joyce v. City of Millville, et. al.
        Barry Cottman v. City of Millville, et. al.

| Starting Year of Search | Search Term 1 | Search Term 2 | Search Term 3 | # of Email in Folder |
|---|---|---|---|---|
| 2017 | Barry | Arrest | | 624 |
| 2018 | Chard | Arrest | | 1183 |
| 2015 | Cindi Zadroga | Dixon | | 5864 |
| 2017 | Colt | Gibson | Force | 593 |
| 2017 | Colt | Gibson | Internal Affairs | 53 |
| 2017 | Cottman | Arrest | | 32 |
| 2017 | Farabella | Dixon | | 500 |
| 2015 | Force | Arrest | | 4088 |
| 2018 | Joyce | Arrest | | 369 |
| 2016 | Loteck | Dixon | | 704 |
| 2017 | Michael.Santiago | Farabella | | 1809 |
| 2017 | Pepitone | Farabella | | 844 |
| 2016 | Proffit | | | 466 |
| 2016 | Profitt | | | 746 |
| 2016 | Redden | Dixon | | 196 |
| 2017 | Runkle | Arrest | | 489 |
| 2016 | Starcher | Dixon | | 67 |
| 2018 | Tanika | | | 17 |
| | | | Total | 18644 |
| | | | Plus | |
| | barkerlawfirm.net | | | 208 |
| | Duplicates | | | 37667 |
| | | | Total | 56519 |

Although communications to/from our law firm were removed to protect likely privileges, there are presumably other communications which are privileged which would include communications from (1) other attorneys involving other matters, (2) internal city communications involving the City Solicitor, (3) communications involving insurance administrators and adjustors, (4) communications involving closed session executive meetings, (5) communications to/from the Prosecutor's Office involving confidential criminal investigations that are not related to any of the underlying cases.

As a matter of professional responsibility, we cannot just produce these 18,644 emails without first reviewing them to make sure we are not

Page 3
December 1, 2021
Louis Shapiro, Esquire
Re:  Audra Capps v. City of Millville, et al.
     Tanika Joyce v. City of Millville, et. al.
     Barry Cottman v. City of Millville, et. al.

producing confidential and/or privileged information. It took an associate attorney approximately one hour to open 80 of the email files and conduct an effective review the 80 emails. At that rate, it would take approximately 233 hours to review all 18,644 emails. At a reduced associate attorney rate of $135 per hour, such a review would cost Defendants (by that we mean the tax paying citizens of Millville) approximately $31,455 just to review these emails; and the vast majority of the emails are, without any doubt, irrelevant.

Unless we can come to a reasonable compromise to substantially reduce the number of emails, on behalf of the City of Millville we will enter an objection to producing any more emails than have already been produced. FRCP 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, **the parties' resources**, the importance of the discovery in resolving the issues, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**. (Emphasis added).

We look forward to engaging in additional conversations regarding Plaintiffs' demands for emails. If we remain at an impasse, please advise and we will advise Judge Donio prior to the next status conference.

Very truly yours,
**BARKER, GELFAND, JAMES & SARVAS**
**a Professional Corporation**

By: _A. Michael Barker_
A. Michael Barker, Esquire

AMB

Cc: Thomas Reynolds, Esquire
TREYNOLDS_RHLAW@comcast.net

Justin Loughry, Esquire
jtloughry@loughryandlindsay.com

BARKER, GELFAND, JAMES & SARVAS · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY 08221