# Louis Charles Shapiro, P.A.

*1063 East Landis Avenue*
*Vineland, New Jersey 08360*
*Telephone (856) 691-6800; Facsimile (856) 794-3326*

**LOUIS CHARLES SHAPIRO**
CERTIFIED CRIMINAL TRIAL ATTORNEY
LL.M. IN TRIAL ADVOCACY
MEMBER OF NJ AND PA BARS

**SAMUEL L. SHAPIRO**
ATTORNEY AT LAW
COUNSELOR AT LAW
1940 (ADMITTED TO NJ BAR) - 1996

Email: shap1@prodigy.net
Website: www.louischarlesshapiro.com

April 12, 2022

**BY ELECTRONIC FILING (ECF)**
Hon. Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2010
1 John F. Gerry Plaza, 4th & Cooper Streets
Camden, New Jersey 08101

    Re:    Audra Capps, et al. v. Joseph Dixon, et al.
             Case No.: 1:19-cv-12002-RMB-AMD

           Tanika Joyce, et al v. Joseph Dixon, et al.
             Case No.: 1:20-cv-01118– RMB-AMD

           Barry Cottman v. Joseph Dixon, et al.
             Case No.: 1:19-cv-14122–NLH-AMD

Dear Judge Donio:

       As the Court will recall, I represent the Plaintiffs in the <u>Capps</u> and <u>Joyce</u> cases. I write to follow up on my March 21, 2022 letter, and on Mr. Loughry's supplemental letter thereafter, with regard to the current scheduling order in the <u>Capps</u> case (Doc. 139) dated February 25, 2022, in which Plaintiffs' expert report(s) and disclosure(s) are due on April 15, 2022.

       In my March 21, 2022 letter, I detailed the significant additional time Dr. Shane would need in order to finalize his report in light of his numerous commitments. I write to amend my previous advice to the Court regarding calling Plaintiffs' treating doctors for purposes of trial. I expect to do that. But after further consideration, and the potential need to offer opinion evidence on Plaintiff Capps's orthopedic prognosis, I wish to further advise that, in addition to a role as treating doctor and fact witness, Plaintiff has engaged the services of Adam M. Shiroff, M.D., FACS, Associate

Professor or Surgery at the Perelman School of Medicine, University of Pennsylvania, for the purpose of offering an expert opinion on Plaintiff Capps's prognosis on potentially other issues. Dr. Shiroff is in a unique position to offer such expert testimony in light of his having performed two of Plaintiff's three surgical procedures at Penn following the incident giving rise to this case. I would be pleased to provide his CV to defense counsel under separate cover.

Within the time that is needed for Dr. Shane's police practices expert report, Dr. Shiroff is expected to be able to complete his report. If the defense wishes to obtain its own orthopedic IME, Plaintiff will of course not object and will be made available to participate in the same. As such, there would be no prejudice to the defense. Separately, she is scheduled for a psychiatric IME with defense expert Dr. Gary Glass on April 14, 2022. (Plaintiff reserves the right to seek its own psychiatric evaluation of Plaintiff, and is considering the same at this time.)

In addition to some of the reasons pointed out in Mr. Loughry's last letter on the subject, there will be ample time available before this case is likely to reach trial, which further reduces the possibility of prejudice. Defendant Chief Jody Farabella is currently and solely pursuing an interlocutory appeal before the Third Circuit on the issue of supervisory liability in the Capps and Joyce cases under docket numbers 22-1261 and 22-1262, following the denial of his motions to dismiss and for reconsideration on this issue. In that case, the Clerk's Office at the Third Circuit requested and received briefs on the issue of jurisdiction to hear the case in the first instance, an issue that has yet to be determined. Nor has a merits briefing schedule even been put in place with respect to Defendant Farabella's appeal. Moreover, it is surely expected that there will be motions for summary judgment filed, which understandably will be pending for some time before the District Court decides them. Finally, defense counsel recently requested that my client sign additional medical authorizations for updated records for three of her past medical providers, including for the University of Pennsylvania (where she had her three surgical procedures). Those were returned today, and the request for additional records suggests to me that the defense may be contemplating an orthopedic IME. If I am wrong on this assumption, however, I would be pleased to stand corrected.

In light of my previous correspondence, and Mr. Loughry's joinder in my request for additional time for expert disclosures, I would once again request at least an additional four (4) months be added to the expert deadline period. I would be available to discuss this matter further if the Court believes that a conference call is necessary.

I thank the Court for its consideration.

Respectfully,

LOUIS CHARLES SHAPIRO

cc: A. Michael Barker, Esquire (By ECF)
Thomas B. Reynolds, Esquire (By ECF)
Justin T. Loughry, Esquire (By email)