### *Louis Charles Shapiro, P.A.*

*1063 East Landis Avenue*
*Vineland, New Jersey 08360*
*Telephone (856) 691-6800; Facsimile (856) 794-3326*

**LOUIS CHARLES SHAPIRO**
CERTIFIED CRIMINAL TRIAL ATTORNEY
LL.M. IN TRIAL ADVOCACY
MEMBER OF NJ AND PA BARS

Email: shap1@prodigy.net
Website: www.louischarlesshapiro.com

**SAMUEL L. SHAPIRO**
ATTORNEY AT LAW
COUNSELOR AT LAW
1940 (ADMITTED TO NJ BAR) - 1996

July 6, 2022

**BY ELECTRONIC FILING (ECF)**
Hon. Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2010
1 John F. Gerry Plaza, 4th & Cooper Streets
Camden, New Jersey 08101

    Re:    Audra Capps, et al. v. Joseph Dixon, et al.
           Case No.: 1:19-cv-12002-RMB-AMD

           Tanika Joyce, et al v. Joseph Dixon, et al.
           Case No.: 1:20-cv-01118– RMB-AMD

           Barry Cottman v. Joseph Dixon, et al.
           Case No.: 1:19-cv-14122–NLH-AMD

Dear Judge Donio:

    In reviewing Defendant Dixon's letter from counsel dated July 5, 2022 (Doc. 165, attached hereto), there is something that must be remembered: In three-plus years of litigation, Dixon has not produced anything. To him, nothing is ever relevant. Dixon continues in this practice, saying that none of the imaged text messages are relevant. It should also be remembered that Dixon had to provide supplemental certified interrogatory answers at the Court's direction when his prior responses were not sufficient. As such, why should Plaintiffs take Dixon, a convicted felon, at his word? We've seen this movie before.

    That aside, Dixon's response is also incomplete, in that he rather deliberately avoids certain of the issues the Court ordered him to address. Just as Dixon had intent to destroy relevant electronic evidence, Dixon demonstrates a clear intent to avoid that which is uncomfortable, hoping that no one will notice.

On May 12, 2022, the Court rendered an oral opinion on the record on Plaintiffs' motion for sanctions for spoliation of ESI. The Court ordered Dixon to obtain the transcript of that proceeding. In the Court's May 13, 2022 Order (Doc. 157, attached hereto), it was clear that Dixon's cloud data had to be downloaded, reviewed by defense counsel, and relevant information had to be produced.

Additionally, the May 13, 2022 Order also required Dixon's counsel to advise the Court whether he could continue to represent Dixon, due to a potential conflict issue related to Dixon's ESI deposition testimony. This centered around Dixon's clear obligation and utter failure to preserve ESI in light of pending litigation. Though this author does not have a copy of the hearing transcript, it is recalled that the Court dealt with this issue in its oral opinion on May 12, 2022.

On June 2, 2022, Dixon wrote to the Court requesting additional time to review the production of data. Dixon's request was also based on Dixon's ordering of the transcript of the May 12, 2022 hearing, which at that time had not been received apparently.  See Doc. 161, attached hereto.

The July 5, 2022 submission on Dixon's behalf does not state that the transcript is still pending. And noticeably absent from that July 5, 2022 letter is there any discussion whatsoever about the conflict issue that the Court directed Dixon to address. Nor is there any discussion about the deletion of Dixon's Facebook account, a topic we have dealt with extensively before Your Honor in the prior sanctions motion.

The letter further informs the Court that none of the text messages recovered pre-date April of 2020. That's the point. Dixon committed spoliation of them, along with the destruction of his Facebook account for "mental health" reasons despite the fact that the Capps lawsuit was filed at the beginning of May 2019, and the Tort Claim Notice was served well before that.

One suspects that, if pressed, Dixon will simply announce in conclusory fashion that the matter has been reviewed and that there is no conflict. This would be in keeping with Dixon's continued practice of announcing that nothing is relevant. Nothing to see here.

The factual background and procedural history of Dixon's problems with ESI were laid out in Plaintiffs' prior motion. But there is a salient passage which presumably led the Court to insist that Dixon address the conflict issue. That critical deposition passage was as follows:

> Q. At the time that the lawsuit was filed in or about May 1st of 2019, were you ever aware of the need to preserve electronic information?
> A. I was not.
> Q. At any time since the lawsuit was filed, are you aware generally of the need to preserve electronic information?
> A. I am now.
> Q. When did you become aware?
> A. When the social media was ordered.
> Q. And what's your understanding of when the social media was ordered?
> A. I believe you said September 30th.

If Dixon was, in fact, earlier advised of the need to preserve ESI, contrary to his testimony above, then his deposition testimony under oath – diplomatically speaking – was not truthful. But if his testimony above was truthful, then he was not properly advised of his need to preserve ESI. That prospect is problematic for other reasons. In either case, Plaintiffs, and the jury, are deprived of relevant ESI.

Dixon's July 5, 2022 status report, therefore, fails to address a critical issue that the Court ordered to be addressed. Instead, Dixon says that he "continues to maintain his prior objections." Yet those issues have been litigated and decided by the Court in its oral opinion of May 12, 2022. Dixon also attempts to change the subject by citing a Massachusetts federal court decision with the tops of its pages cut off in an attempt to get out from under any further scrutiny of his post-April 2020 text messages. The case of Hardy v. UPS Ground Freight, Inc., Civil Action No. 3:17-cv-30162-MGM (D.Mass. 2019), cited in the July 5, 2022 submission on Dixon's behalf, was different for a significant reason. In that case, defendant had not established that the plaintiff deleted or lost relevant information from his cell phone. See slip op. at 7 of 13. By contrast, in this case, we know that Dixon deleted or lost relevant ESI. Just one example of that can be seen in the Facebook memes mentioned in Plaintiffs' lawsuits, and which were reported on by NJ.com in an article for the "Force Report" series. And as the July 5, 2022 submission tells us, all that Dixon now has in terms of text messages are those as of April of 2020.

Moreover, it is claimed – in unsworn fashion in a letter – on Dixon's behalf that a lot of the messages are between Dixon and his wife. However, there are apparently messages with about 70 individuals. Fundamentally, Dixon has done nothing to assure this author that he is worthy of belief, or that "none of these numerous text messages have any relevance to the issues raised in the instant matters involving the arrests that Dixon made of plaintiff Capps in February of 2018 and of plaintiff Joyce in March of 2018."

When Dixon was sentenced for his role in assaulting two women – one of whom had 5-7 broken ribs, three surgical procedures, and suffers from PTSD – the sentencing court suspended the county jail component of his sentence. That was a miscarriage of justice, and a result not accorded to most criminal defendants who are processed through the criminal justice system. It would be a further miscarriage of justice to not hold Dixon to account on the directives given to him by the Court.

For these reasons, Plaintiffs wish to renew their motion for sanctions – which was dismissed without prejudice – due to Dixon's non-compliance. For these reasons, the Court should once and for all enter the following sanctions against Dixon:

> (1) ordering that an adverse inference be entered against Dixon that the jury must assume that the lost ESI was unfavorable to Dixon;

> (2) allowing Plaintiffs to introduce evidence at trial on the circumstances of Dixon's destruction of ESI;

> (3) awarding Plaintiffs attorney's fees and costs associated with pursuing ESI as to

Dixon; and

(4) ordering Dixon to turn over his cell phone and/or cloud data for forensic examination for ESI that was not deleted, with costs of the same assessed against him.

It is time for him to be faced with some accountability for his conduct in this civil litigation. It is also time for Dixon to provide a copy of the transcript of the proceedings which took place on May 12, 2022 so that a clearer picture can emerge of the issues Dixon has ignored.

Respectfully submitted,

LOUIS CHARLES SHAPIRO

Enclosures
cc:     A. Michael Barker, Esquire (By ECF)
        Thomas B. Reynolds, Esquire (By ECF)
        Justin T. Loughry, Esquire (By email)
        Audra Capps and Douglas Robert Gibson, Jr
        Tanika Joyce
        (All w/encl.)

[D.I. 118 in 19-12002]
[D.I. 102 in 20-1118]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AUDRA CAPPS and DOUGLAS ROBERT GIBSON, JR., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH DIXON, et al., <br><br> Defendants. | Civil No. 19-12002 (RMB/AMD) |
| TANIKA JOYCE, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH DIXON, et al., <br><br> Defendants. | Civil No. 20-1118 (RMB/AMD) |

## ORDER

This matter having come before the Court by way of motion [D.I. 118 in Civil Action No. 19-12002; D.I. 102 in Civil Action No. 20-1118] for sanctions filed by Plaintiffs against Defendant Joseph Dixon based upon Dixon's alleged spoliation of electronically stored information; and the Court having held a telephone conference on May 12, 2022, with all counsel appearing as set forth on the record; and the Court at that time having

1

issued an opinion on the record addressing Plaintiffs' motion for sanctions; and for the reasons set forth on the record; and for good cause shown:

IT IS on this **13th** day of **May 2022**,

ORDERED that Plaintiffs' motion [D.I. 118 in Civil No. 19-12002; D.I. 102 in Civil No. 20-1118] for sanctions shall be, and is hereby, **GRANTED** in part and **DISMISSED WITHOUT PREJUDICE** in part; and it is further

ORDERED that the motion is granted insofar as Plaintiffs request that Defendant Dixon's cloud data be downloaded, reviewed by Defendant Dixon and defense counsel, and that any relevant information be produced as set forth on the record on May 12, 2022; and it is further

ORDERED that the motion is dismissed with respect to any other relief requested by Plaintiffs in the motion at this time, without prejudice to Plaintiffs' right to file a renewed motion pending resolution of the preservation and conflict issues related to Defendant Dixon's testimony as set forth on the record and pending review of any cloud data that is produced; and it is further

ORDERED that Defendant Dixon shall download the cloud data and review such data with his attorney, shall provide any relevant text messages to Plaintiffs' counsel, and shall file a

status letter with the Court by no later than **June 2, 2022**, as set forth on the record on May 12, 2022; and it is further

  **ORDERED** that counsel for Defendant Dixon shall order a copy of the transcript of the telephone conference held on the record on May 12, 2022, shall review such transcript with Defendant Dixon, and shall advise the Court concerning whether counsel can continue to represent Defendant Dixon in these matters by no later than **June 2, 2022**; and it is further

  **ORDERED** that the parties are directed to review Local Civil Rule 5.3 and shall, by no later than **May 26, 2022**, file with the Court a joint status letter concerning sealing of the papers submitted in connection with Plaintiffs' prior motion to compel Defendant City of Millville to produce internal affairs files and Exhibit P to the motion for spoliation sanctions.

            s/ Ann Marie Donio
            ANN MARIE DONIO
            UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb

# REYNOLDS & HORN, P.C.



ATTORNEYS AT LAW
*A PROFESSIONAL CORPORATION*

WWW.REYNOLDSHORNLAWYERS.COM

116 South Raleigh Avenue
Suite 9B
Atlantic City, New Jersey 08401
Telephone (609) 703-9663
Fax (609) 939-2386

† CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

THOMAS B. REYNOLDS
treynolds_rhlaw@comcast.net
Direct (609) 335-4719

STEVEN M. HORN †
noappeal@comcast.net
Direct (609) 703-9663

June 2, 2022

Via ECF
Hon. Ann Marie Donio, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2010
1 John F. Gerry Plaza
4th & Cooper Streets
Camden, New Jersey 08101

> Re: Audra Capps, et al. v. Joseph Dixon, et al.
> Case No.: 1:19-cv-12002-RMB-AMD
>
> Tanika Joyce v. Joseph Dixon, et al.
> Case No.: 1:20-cv-01118-RMB-AMD

Dear Judge Donio:

Pursuant to your Honor's May 13, 2022 Order entered in the above matters, and as directed therein, I am providing this status letter on behalf of Defendant Joseph Dixon. Mr. Dixon and I have conferred and are in the process of complying with the provisions and instructions of this Order. However, for the following reasons it is necessary that we respectfully request that the Court grant a 30-day extension of time to complete Dixon's responses to the Court's directives.

In accordance with the Order, Mr. Dixon did forward to me a large volume of electronic data, which I received in my office and began to review on Tuesday, May 31, 2022. I have not had an adequate opportunity to thoroughly review, analyze, and complete the production of any data, as ordered by the Court.

June 2, 2022
Page 2

     In addition, with regard to the provision of the Order directing me to order a copy of the transcript of the Court's telephone conference held in these matters on May 12, 2022, and to review that transcript with Defendant Dixon, the transcript has been ordered but has not been received. I did contact the Court Clerk's office on May 17, and confirmed my request that the transcript be provided on an expedited basis, in an email to Ms. Fisher on May 18. Although I was advised that an expedited transcript would take approximately 7 days to complete, it still has not arrived.

     For the foregoing reasons, we respectfully request that the Court grant an additional 30 days to complete Defendant Dixon's compliance with the May 13 Order.

     Thank you for your Honor's consideration in this regard.

               Respectfully submitted,
               **REYNOLDS & HORN, PC**

        By:   */s/ Thomas B. Reynolds*
               Thomas B. Reynolds
               Attorney for Defendant
               Joseph Dixon

Cc:  Louis Shapiro, Esquire (Via ECF)
     Michael Barker, Esquire (Via ECF)
     Justin Loughry, Esquire (Via Email)

TBR/e

               So Ordered this 2nd day of June 2022

               By:_____
               ANN MARIE DONIO, U.S.M.J.

# REYNOLDS & HORN, P.C.

ATTORNEYS AT LAW
*A PROFESSIONAL CORPORATION*

WWW.REYNOLDSHORNLAWYERS.COM

116 South Raleigh Avenue
Suite 9B
Atlantic City, New Jersey 08401
Telephone (609) 703-9663
Fax (609) 939-2386

THOMAS B. REYNOLDS
treynolds_rhlaw@comcast.net
Direct (609) 335-4719

STEVEN M. HORN †
noappeal@comcast.net
Direct (609) 703-9663

† CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

July 5, 2022

Via ECF
**Hon. Ann Marie Donio, U.S.M.J.**
U.S. District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2010
1 John F. Gerry Plaza
4th & Cooper Streets
Camden, New Jersey 08101

Re: Audra Capps, et al. v. Joseph Dixon, et al.
Case No.: 1:19-cv-12002-RMB-AMD

Tanika Joyce v. Joseph Dixon, et al.
Case No.: 1:20-cv-01118-RMB-AMD

Dear Judge Donio:

Please accept this status letter pursuant to your Honor's May 13, 2022 Order entered in the above matters, regarding my client Dixon's compliance with the directive therein that he download and review with his attorney electronically stored information (ESI) from Dixon's cellphone. In accordance with the Order, Dixon utilized the "imazing2" app to download all of the text messages on his cellphone, on to a USB drive which he provided to my office.

The downloaded data reviewed contains a large volume of text messages between Dixon and over 70 individuals, the largest number of which messages, consisting of 1, 220 pages if printed out, are those between Dixon and his wife. Furthermore, our review indicates that none of the text messages recovered, pre-date April of 2020. It is our position on behalf of Dixon that

July 5, 2022
Page 2

none of these numerous text messages have any relevance to the issues raised in the instant matters involving the arrests that Dixon made of plaintiff Capps in February of 2018 and of plaintiff Joyce in March of 2018.

Should the Court request to independently review *in camera* all of these messages, other than the spousal communications which we submit are protected by the marital privilege recognized by the Federal Rules of Evidence and New Jersey common law, we propose that a protective order be entered to accomplish same.

In addition to the above, Dixon continues to maintain his prior objections and responses to the plaintiffs' discovery demands for ESI, for the reasons previously stated and as discussed in the holding of the District Court in Arthur Hardy v. UPS Ground Freight Inc., Civil Action No. 3:17-cv-30162 (D. Mass 2019), a copy of which unpublished opinion we have attached hereto. As set forth therein, in ruling on the issue of whether a court should grant a motion to compel the forensic imaging of a cell phone or other electronic device, courts have considered whether such an examination will reveal information that is relevant to the claims and defenses in the pending matter, and whether such an examination is proportional to the needs of the case given the cell phone owner's compelling privacy interests in the contents of his or her cell phone. In this case, and as cited in Arthur Hardy, supra, a discovery request for ESI does threaten to sweep in documents and information that are not remotely relevant to the issues in the case, and given the sensitive nature of the contents of personal computers or cellphones, courts have been wary to grant a motion to compel forensic imaging in response to a request for information that has not been shown to be at the heart of a claim or defense in the ongoing litigation; courts have been cautious to require imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature. Here, there is the additional significant risk of invading privacy interests and rights of third persons who have nothing whatsoever to do with the disputed issues in the instant litigation.

Thank you for your Honor's consideration in this matter.

Respectfully submitted,
**REYNOLDS & HORN, PC**

By:   /s/ Thomas B. Reynolds
Thomas B. Reynolds
Attorney for Defendant Dixon

Attach—unpublished decision

Cc:  Louis Shapiro, Esquire (via ECF)
Michael Barker, Esquire (via ECF)
Justin Loughry, Esquire (via email)

TBR/e

 casetext

<span style="float:right">Free Trial</span>

Search all cases and statutes...                                              JX

Opinion    Case details

From Casetext: Smarter Legal Research

# Hardy v. UPS Ground Freight, Inc.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

Jul 22, 2019

Civil Action No. 3:17-cv-30162-MGM (D. Mass. Jul. 22, 2019)      Copy Citation

⬇ Download      🚩 Treatment

Civil Action No. 3:17-cv-30162-MGM

07-22-2019

ARTHUR HARDY, Plaintiff, v. UPS GROUND FREIGHT, INC., Defendant.



Red flags, copy-with-cite, case summaries, annotated statutes and more.

Learn more ›

ROBERTSON, U.S.M.J.

MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO COMPEL FORENSIC IMAGING OF PLAINTIFF'S CELL PHONE
(Dkt. No. 65)

## I. INTRODUCTION

Plaintiff Arthur Hardy ("Plaintiff") alleges that his former employer, Defendant UPS Ground Freight, Inc. ("Defendant"), violated Mass. Gen.

casetext

Free Trial

Search all cases and statutes...                                    JX

Opinion    Case details

employees and moved to compel forensic imaging of Plaintiff's cell phone in order to recover the communications (Dkt. No. 65). Plaintiff opposes Defendant's motion to compel production of a complete forensic image of his cell phone (Dkt. No. 73). After *2 hearing and consideration of the parties' submissions, Defendant's motion for forensic imaging of Plaintiff's cell phone is DENIED for the reasons stated in court and for those set forth herein.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff began working for Defendant as a mechanic in December 2010 (Am. Compl. ¶ 5 at 2).[1] Plaintiff alleges that he first complained to his supervisors about racial harassment in September 2013. Thereafter, he complained to Defendant's Human Resources Department, and, dissatisfied with Defendant's response, filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") in July 2014. He withdrew his MCAD charge in October 2015 and filed a state court complaint (Am. Compl. ¶¶ 8-12 at 2).[2] He alleges retaliation for protected activity in the form of unwarranted disciplinary notices beginning in or around November of 2015 and culminating in the termination of his employment on or around February 19, 2019 (Am. Compl. ¶¶ 14-28). After starting the process at the MCAD, he initiated the instant action in state court on October 19, 2017 (Dkt. No. 1 at 2). Defendant removed the case (Dkt. No. 1).

[1] The brief factual summary set forth herein is drawn from Plaintiff's amended complaint, which is found at docket number 86.

[2] Plaintiff's first state court complaint, alleging a hostile work place, was tried to a jury in this court, resulting in a defense verdict. *See Hardy v. UPS Ground Freight, Inc.*, Civil Action No. 15-cv-30196-MGM (filed Nov. 5, 2015).

On April 9, 2018, Defendant asked Plaintiff to produce the following:

Opinion    Case details

concerning any of the allegations in the complaint.

(Dkt. No. 65-1 ¶ 8 at 6).

> • Any and all documents or other records, including but not limited
> to, recordings of any kind, emails and text messages, or instant
> messaging, evidencing communications between [him] and any
> other current or former employee, supervisor, manager, or agent of
> Defendant related to your Complaint or this Litigation.

(Dkt. No. 65-1 ¶ 20 at 8).

Defendant claims that Plaintiff failed to produce all the requested materials
and grounds its motion to compel a forensic image of Plaintiff's cell phone
in portions of Plaintiff's deposition testimony (Dkt. No. 65 at 1). During
Plaintiff's deposition, he testified that he exchanged text messages with
several current or former employees of Defendant about various topics
(Dkt. No. 65-2 at 6). According to Plaintiff, these text messages exchanges
included an exchange "a long time ago" with Scott Moore ("Moore"), a
current employee of Defendant, about an inspection of tie-rods on a vehicle
(Dkt. No. 65-2 at 13). Plaintiff indicated that he no longer had the text
messages he exchanged with Moore (Dkt. No. 65-2 at 13).

Speculating that Plaintiff might have exchanged other text messages with
other of Defendant's employees that have not been disclosed or produced,
Defendant seeks a forensic image of Plaintiff's cell phone to: "(1) ascertain
the scope of discoverable but allegedly withheld information; (2) obtain
clear and reviewable copies of relevant text messages; and (3) recover
[allegedly spoliated] text messages" (Dkt. No. 65 at 5). In response, Plaintiff
represents that, except for the messages he exchanged with Moore, he has
produced screenshots of all relevant, responsive text messages without any
redactions [4] (Dkt. No. 73 at 2). Beyond speculation and Plaintiff's loss of

4

casetext

Search all cases and statutes...

JX

Opinion    Case details

outweighs any benefit a forensic examination of his cell phone might have, and that a forensic image of the entire contents of his cell phone is not a proper sanction for the alleged spoliation of evidence (Dkt. No. 73 at 8).

III. DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part, as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

When determining whether to grant a motion to compel the forensic imaging of a cell phone or other electronic device, courts have considered whether the examination will reveal information that is relevant to the claims and defenses in the pending matter and whether such an examination is proportional to the needs of the case given the cell phone owner's compelling privacy interest in the contents of his or her cell phone. *See*

5    *Ramos v. Hopele of Ft. Lauderdale, LLC*, CASE NO. 17-62100-CIV- *5 MORENO/SELTZER, 2018 WL 1383188, at *3 (S.D. Fla. Mar. 19, 2018); *John Crane Grp. Corp. v. Energy Devices of Texas, Inc.*, CIVIL ACTION NO. 6:14-CV-178, 2015 WL 11089486, at *3 (E.D. Tex. Feb. 2, 2015) (denying the plaintiff's motion to compel forensic imaging of computer hard drives and granting the defendant's motion for a protective order because of the

casetext

<span>Free Trial</span>

Search all cases and statutes...

JX

Opinion    Case details

defendant's expert attested to the possibility that data could be recovered
and that further delay risked loss of relevant data); *Playboy Enters., Inc. v.
Welles*, 60 F. Supp. 2d 1050, 1054 (S.D. Cal. 1999) (allowing access to
defendant's computer based on a showing that "the probability that at least
some of the e-mail may be recovered is just as likely, if not more so, than the
likelihood that none of the e-mail will be recovered").

A. <u>Relevance</u>

"The forensic examination that [Defendant] seeks is not limited in any way,
whether by search term, date, or identity of the sender or receiver." *Ramos*,
2018 WL 1383188, at *1. Defendant's request to examine the contents of
Plaintiff's entire cell phone thus "threatens to sweep in documents, and
information that are not [remotely] relevant to the issues in the case, such
as Plaintiff's private text messages, e-mails, contact lists, and photographs."
*Henson v. Turn, Inc.*, Case No. 15-cv-01497-JSW (LB), 2018 WL 5281629, at *5
(N.D. Cal Oct. 22, 2018). The court accepts for purposes of *6 argument that
Plaintiff's text messages with Moore concerning his inspection of tie rods
may have some relevance to his retaliation claims because the messages may
have some bearing on his performance and the reasons for any adverse
actions taken by Defendant. Given the sensitive nature of the contents of
personal computers or cell phones, however, courts have been wary to grant
a motion to compel forensic imaging in response to a request for
information that has not been shown to be at the heart of a claim or defense
in the ongoing litigation. *See, e.g., John B. v. Goetz*, 531 F.3d 448, 459-60 (6th
Cir. 2008), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136
S.Ct. 663 (2016), (given the privacy and confidentiality concerns, "'[c]ourts
have been cautious in requiring the mirror imaging of computers where the
request is extremely broad in nature and the connection between the
computers and the claims in the lawsuit are unduly vague or
unsubstantiated in nature.'") (alteration in original) (quoting *Balboa
Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3

6

Opinion    Case details

Leaving aside the Moore text messages, the deposition testimony cited by Defendant does not establish that Plaintiff "communicated at length, with a minimum of five (5) former and current UPS employees, via text message, regarding issues directly related to this action" (Dkt. No. 65 at 2) and failed to retain and produce relevant information. Defendant has failed to

7    establish that the circumstances warrant a *7 compelled wholesale imaging of the entire contents of Plaintiff's cell phone because, absent a more specific showing, Defendant has not met its burden of demonstrating the relevance of the contents of the forensic image it seeks. *See Ramos*, 2018 WL 1383188, at *2 (denying the defendant's motion to compel forensic imaging where the existence of text messages was undisputed but the relevance of the content of the messages was not sufficiently established); *contrast Antioch Co.*, 210 F.R.D. at 651-52 (granting the plaintiff's motion to compel forensic imaging where there was a strong showing that the data in question could be relevant to the movant's claim).

B. Proportionality

"[M]odern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" *Riley v. California*, 573 U.S. 373, 403 (2014) (quoting *Boyd v. United States*, 116 U.S. 616, 625 (1886)). *See Bakhit v. Safety Mktg., Inc.*, Civ. No. 3:13CV1049 (JCH), 2014 WL 2916490, at *3 (D. Conn. June 26, 2014) (applying *Riley*'s principles to a civil discovery request). "The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns." *John Crane Grp. Corp.*, 2015 WL 11089486, at *3. *See also Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD, 2017 WL 413242, at *3 (S.D. Ind. Jan. 31, 2017) (citing *Hespe v. City of Chi.*, No. 13 C 7998, 2016 WL 7240754, at *3 (N.D. Ill. Dec. 15, 2016)); *Areizaga v. ADW Corp.*, No. 3:14-cv-2899-B; 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016); *see also* Fed. R. Civ. P. 34, advisory committee's note to 2006

Opinion    Case details

the privacy concerns of the opposing party. *See John B.*, 531 F.3d at 460-61 (holding that the trial court abused its discretion by granting a motion to compel forensic imaging when less intrusive means of obtaining the desired evidence were available); *contrast Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 447 (D. Conn. 2010) (granting the plaintiff's request to compel forensic imaging after it had "exhaustively established that forensic imaging by a neutral expert is the only way that the Plaintiff will be able to secure the electronic data to which is it entitled").

Aside from the Moore text messages, Defendant has not established that Plaintiff has deleted or lost relevant information from his cellphone (Dkt. No. 65-2). As to the Moore text messages, Defendant has failed to demonstrate that they can be recovered by an imaging of his cell phone and has failed to show that the messages are unavailable from Moore himself. Rather than demonstrating by expert affidavit or otherwise that the Moore text messages, which, according to Plaintiff, were exchanged a long time ago, could still be recovered, Defendant makes the broad assertions that electronic information is discoverable (Dkt. No. 65 at 2, 5). That is beside the point. Courts have required that a movant make at least some effort, for example, by way of expert testimony or an affidavit, to show that this intrusive means of discovery is likely to yield the results sought. *See Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146-47 (D. Mass. 2005) (denying the

9    plaintiff's motion to compel forensic imaging of the defendant's *9 computer where there was no showing that the sought-after evidence existed or had been withheld); *Antioch Co.*, 210 F.R.D. at 651-62.

Further, Defendant has failed to show that a far less intrusive option would not yield the information it seeks. *See Tingle v. Herbert*, Civil Action No. 15-626-JWD-EWD, 2018 WL 1726667, at *7 (M.D. La. Apr. 10, 2018) (before the defendants could obtain access to the plaintiff's cell phone, the defendants were required to demonstrate that they attempted to obtain the information by less intrusive means). As to the Moore messages, Defendant has not

casetext

Free Trial

Search all cases and statutes...

JX

Opinion    Case details

alternative to a complete forensic image of the cell phone.[4]

   [3]  At argument, Defendant's counsel represented that it had recovered from Moore's cell phone the Moore side of Moore's text message exchange with Plaintiff but not Plaintiff's side of that exchange, a representation that, as Plaintiff's counsel contended, appears implausible in view of how text messages generally are stored and displayed. Further, defense counsel did not represent that Defendant had subjected Moore's cell phone to a forensic examination in an effort to obtain a complete record of the exchange.

   [4]  Further demonstrating Defendant's startling lack of concern for Plaintiff's compelling privacy concerns, Plaintiff's counsel informed the court that Defendant showed up at Plaintiff's deposition with a forensic examiner prepared to image Plaintiff's cell phone then and there without any order from the court authorizing it to do so.

In addition, Defendant has not proposed a protocol that would limit its access to private or privileged contents of Plaintiff's cell phone. *See In re: Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) (reversing the district court's order granting the plaintiff \*10 access to the defendant's electronic databases; noting that establishing a protocol, including designating search terms, is necessary to restrict a search of a party's electronically stored information); *Charles Schwab & Co. v. Highwater Wealth Mgmt., LLC*, Civil Action No. 17-cv-00803-CMA-NYW, 2017 WL 4278494, at \*7 (D. Colo. Sept. 27, 2017) (denying request for the forensic image of a personal cell phone where the party requesting the image failed to identify protocols that would limit the scope of the search); *contrast Antioch Co.*, 210 F.R.D. at 651, 653 (allowing imaging where a protocol to protect private and privileged material was proposed by the movant).

In support its position, Defendant relies on *In re Honza*, 242 S.W.3d 578 (Tex. App. 2008). The court in *Honza* allowed the forensic imaging of the defendant's computer hard drive by a neutral contractor in order to recover

Opinion    Case details

party's privacy interests while targeting only the information that was
relevant to the claim. *Id.* at 583. *Honza* is easily distinguishable from the
present situation. Here, unlike *Honza*, Defendant has failed to establish that
the Moore text messages are likely to be recovered by a forensic imaging of
Plaintiff's cell phone nor has it shown that forensic imaging of Plaintiff's
phone is the only means to retrieve text messages he exchanged with Moore.
In addition, Defendant has failed to propose a means of restricting access to
the phone's contents in a manner that would protect Plaintiff's private and
11   privileged *11 information. To the contrary, Defendant's proposal to use the
forensic image to see if Plaintiff has withheld images that Defendant
speculates may exist suggests that Defendant seeks broad and unfettered
access to the contents of Plaintiff's cell phone (Dkt No. 65 at 1).

C. Spoliation of Evidence

Finally, Defendant has not shown that forensic imaging of Plaintiff's cell
phone is a proper sanction for Plaintiff's alleged spoliation of the Moore text
messages (Dkt. No. 65 at 5). Spoliation of evidence is the "intentional,
negligent, or malicious destruction of relevant evidence." *Townsend v.
American Insulated Panel Co.*, 174 F.R.D. 1, 4 (D. Mass. 1997). Because the text
messages are electronically stored information ("ESI"), Fed. R. Civ. P. 37(e)
applies. Rule 37(e) provides:

> If electronically stored information that should have been
> preserved in the anticipation or conduct of litigation is lost because
> a party failed to take reasonable steps to preserve it, and it cannot
> be restored or replaced through additional discovery, the court:

>> (1) upon finding prejudice to another party from loss of the
>> information, may order measures no greater than
>> necessary to cure the prejudice; or

casetext

[Free Trial] [Get a...]

Search all cases and statutes...

JX

Opinion     Case details

(**A**) presume that the lost information was unfavorable to the party;

(**B**) instruct the jury that it may or must presume the information was unfavorable to the party; or

(**C**) dismiss the action or enter a default judgment.

12   *12 Fed. R. Civ. P. 37(e). *See Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 232-33 (D. Minn. 2019) (applying Fed. R. Civ. P. 37 to text messages); *Schmalz v. Vill. of N. Riverside*, No. 13 C 8012, 2018 WL 1704109, at *3 (N.D. Ill. Mar. 23, 2018) (same).

First, Defendant has not met its burden of demonstrating spoliation of the Moore text messages. Defendant did not ask Plaintiff how, when, or why he lost the Moore text messages. In these circumstances, Defendant has not laid a proper foundation for the contention that Plaintiff failed to take reasonable steps to preserve relevant evidence at a time when he reasonably anticipated or was conducting litigation against Defendant.

Assuming that Plaintiff exchanged text messages with Moore in 2017, when according to Defendant, Plaintiff was suspended without pay for a safety violation, Defendant has not shown that Moore has failed to retain these messages.[5] Therefore, Defendant has not established a basis for Rule 37 sanctions. *See* Fed. R. Civ. P. 37(e) (allowing sanctions when ESI has not been reasonably preserved and it cannot be recovered or replaced through additional discovery). Moreover, there is no evidence that Plaintiff acted with the intent to destroy evidence that would be relevant to this case. *See Hefter Impact Tech., LLC v. Sport Maska, Inc.*, Civil Action No. 15-13290-FDS, 2017 WL 3317413, at *7 (D. Mass. Aug. 3, 2017); *contrast Nation-Wide Check Corp. v. Forest Hills Distribs., Inc.*, 692 F.2d 214, 219 (1st Cir. 1982). Because Plaintiff was not asked why he did not have the Moore text messages, there

casetext

Free Trial

Search all cases and statutes...

JX

Opinion      Case details

evidence.

Because Defendant has failed to establish Plaintiff's spoliation of the Moore text messages, there is no basis for ordering a forensic image of Plaintiff's cell phone as a sanction. *See, e.g., Tingle*, 2018 WL 1726667, at *6.

IV. CONCLUSION

For the above-stated reasons, Defendant's motion to compel forensic imaging of plaintiff's cell phone (Dkt. No. 65) is DENIED. It is so ordered. Dated: July 22, 2019

/s/ Katherine A. Robertson

KATHERINE A. ROBERTSON

UNITED STATES MAGISTRATE JUDGE

Make your practice more effective and efficient with Casetext's legal research suite.

Get a Demo

Casetext research

casetext

Free Trial

Search all cases and statutes...

JX

Opinion    Case details

Big firm

Coverage

SmartCite

Public records search

Partnerships and Resources

Law school access

Bar associations

About us

Jobs

Blog

News

Twitter

Facebook

LinkedIn

Instagram

Help articles

Customer support

Contact sales

Privacy

Terms

casetext

Free Trial

Search all cases and statutes...

JX

Opinion     Case details